STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. KEVIN L. COPPLE, RESPONDENT.

441 N.W.2d 894

Filed June 30, 1989.   No. 88-740.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Pursuant to Neb. Ct. R. of Discipline 10(I) (rev. 1989), Counsel for Discipline of the Nebraska State Bar Association moves this court for judgment on the pleadings.

The record shows that on March 10, 1989, Counsel for Discipline of the Nebraska State Bar Association filed formal charges against the respondent, Kevin L. Copple. The respondent was charged with four counts of misconduct. Two counts charge respondent with the following violations of the Code of Professional Responsibility:

DR 1-102 Misconduct.

(A) A lawyer shall not:

1. Violate a Disciplinary Rule.

4. Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

6. Engage in any other conduct that adversely reflects on his fitness to practice law.

DR 6-101 Failing to Act Competently.

(A) A lawyer shall not:

3. Neglect a legal matter entrusted to him.

DR 7-101 Representing a Client Zealously.

(A) A lawyer shall not intentionally.

2. Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105.

3. Prejudice or damage his client during the course of the professional relationship, except as required under DR 7-102 (B).

In short, the record shows that the respondent was retained and paid legal fees in advance by two clients, but neglected to perform the work for which he was hired. The last two counts relate to the respondent's failure to file an appropriate written response with the Counsel for Discipline concerning the complaints of these two clients.

On March 28, additional formal charges were filed against the respondent. These charges, contained in three additional counts, stem from the respondent's failure to file an appropriate written response to the Counsel for Discipline regarding complaints made against the respondent by three of his other clients, alleging neglect of legal matters entrusted to him.

The record indicates that respondent received the March 10 formal charges on March 16 and that he received the March 28 additional formal charges on March 29.

Under Neb. Ct. R. of Discipline 10(H) (rev. 1989), the respondent has 20 days from the date of receipt of the additional formal charges to file an answer. The respondent failed to file an answer to either the formal charges or the additional formal charges.

Accordingly, pursuant to disciplinary rule 10(I), which provides that "[i]f no answer be filed within the time limited therefor, or if the answer raises no issues of fact or of law, the matter may be disposed of by the Court on its own motion or on a motion for judgment on the pleadings," the respondent is hereby disbarred from the practice of law in the State of Nebraska.

JUDGMENT OF DISBARMENT.

WHITE, J., not participating.